

# Fourth Court of Appeals
## San Antonio, Texas

December 8, 2022

No. 04-22-00364-CR

Kenneth **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR4751
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

On December 2, 2022, appellant's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. When an *Anders* brief is filed, appointed counsel is required to simultaneously file a motion to withdraw. *See Schulman v. State*, 252 S.W.3d 403, 404 (Tex. Crim. App. 2008); *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Counsel is also required to include as an exhibit a copy of the letter sent to his client. The letter must: (1) notify appellant counsel has filed an Anders brief and motion to withdraw and enclose copies of the documents, (2) inform appellant of his right to review the appellate record and file a pro se brief, (3) inform appellant of his right to file a pro se petition for discretionary review should the court of appeals determine the appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating [appellant's] right to review the appellate record, if that is what [appellant] wishes." *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Ex parte Owens*, 206 S.W.3d 670674 n. 28 (Tex. Crim. App. 2006); *Meza v. State*, 206 S.W.3d 684 (Tex. Crim. App. 2006). With respect to the last requirement, counsel may either send a copy of the appellate record to his client or advise his client if he wishes to review the appellate record, he must file a motion in this court within ten days of counsel's letter requesting access to the record. *See Kelly*, 436 S.W.3d at 319-20. Counsel must include with his letter a form motion for this purpose, advise his client to sign and date the motion and mail it to this court within ten days, and supply his client with this court's mailing address. *Id*. at 320.

When counsel filed the brief, he did not file either a motion to withdraw or include as an exhibit a copy of his letter to his client pursuant to *Kelly v. State*. We therefore **order** counsel to file **by December 23, 2022**, a motion to withdraw and a copy of a letter complying with *Kelly v.*

*State*. Counsel is reminded his duties of representation do not cease when he files a motion to withdraw; counsel must continue to "act with competence, commitment and dedication to the interest of the client" until the court of appeals grants the motion. *See Schulman*, 252 S.W.3d at 410-11.

Luz Elena D. Chapa, Justice

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of December, 2022.

MICHAEL A. CRUZ, Clerk of Court